IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| **DONALD M. MORRISON, II,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:05CV01100 |
| | ) | |
| **SACO INDUSTRIES, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on the cross-motions for summary judgment filed by Plaintiff Donald M. Morrison, II (Pleading No. 35) and Defendant Saco Industries, Inc. (Pleading No. 38) and Defendant's motion to strike affidavit (Pleading No. 44). The Court heard oral argument on the motions on December 8, 2006. Attorney Amiel J. Rossabi appeared on behalf of Plaintiff and attorneys Denis E. Jacobson and Jeffrey Southerland appeared on behalf of Defendant. For reasons announced in court following oral argument, and set forth below, the motions should be denied, with the exception that Defendant's motion for summary judgment on Plaintiff's claims for *quantum meruit* and an accounting should be granted.

### Procedural History

On October 24, 2005, Plaintiff filed a Complaint against Defendant Saco Industries, Inc. in Forsyth County Superior Court seeking damages for violation of the North Carolina

Wage and Hour Act, breach of contract, *quantum meruit*, and an accounting. Plaintiff served as a Sales Representative for Defendant between August 29, 2003 and October 11, 2005. Plaintiff contends that he has not been properly paid all commission to which he is entitled.

On December 14, 2005, Defendant removed the action to this Court, pursuant to 28 U.S.C. §§ 1441 and 1446. On December 16, 2005, Defendant filed an Answer denying the material allegations of the Complaint.

On September 15, 2006, Plaintiff and Defendant filed cross motions for summary judgment on all claims. Plaintiff also moved to amend his Complaint to add a claim under the North Carolina Sales Representative Commission Act ("Sales Representative Act"), N.C. Gen. Stat. §§ 66-190, *et seq*. The Court granted Plaintiff leave to amend, and reopened the discovery period for limited discovery on the newly asserted legal theory.

**Statement of Facts**

Plaintiff is a citizen and resident of Forsyth County, North Carolina, who has been employed as a sales representative for more than 15 years. Defendant is a manufacturer of kitchen and bathroom cabinets. Plaintiff became employed as a "multi-family sale representative" for Defendant in August 2003. By letter dated August 25, 2003, Douglas S. Newlin ("Newlin") confirmed Plaintiff's employment, effective August 29, 2003, and stated the terms of their agreement, in pertinent part, as follows:

4. Compensation:

- 5% commission on "net" cabinet and counter top sales within the established territories.
  Some projects may be at a lower rate depending on the negotiation needed to get the job.
- Commissions are earned when payment is made to Saco Industries, Inc. by the customer.

5. Saco support to Don Morrison:

- $5000.00 per month "advance" against future earned commissions with the first check to be issued to you on August 29, 2003 and then at the end of every month thereafter.

(Pleading No. 39, Def.'s Br. in Supp. of Mot. for Summ. J., Ex. A, Decl. of Douglas S. Newlin ("Newlin Decl."), Attach. 1.) The parties agree that this letter expressed the parties' intent regarding compensation.

During his tenure with Defendant, Plaintiff procured contracts in excess of $5,000,000.00. By letter dated October 11, 2005, Defendant terminated Plaintiff and advised that it would pay him no further compensation as of that date. (*Id.*, Attach. 2.) After Plaintiff's termination, Defendant continued to collect sums from customers who had purchased cabinets and countertops through Plaintiff. However, Defendant refused to pay commission to Plaintiff out of these sums.

Plaintiff maintains that his contract with Defendant entitles him to commission on sales made during his representation of Defendant, even if collection occurs after his

termination. Defendant maintains that Plaintiff was entitled only to those sums collected during the time Plaintiff represented Defendant.

**Analysis**

The summary judgment standard of review under Rule 56 of the Federal Rules of Civil Procedure is well established. A party is entitled to judgment as a matter of law upon a showing that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The material facts are those identified by controlling law as essential elements of claims asserted by the parties. A genuine issue as to such facts exists if the evidence forecast is sufficient for a reasonable trier of fact to find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

When the moving party has carried its burden, the nonmoving party must come forward with evidence showing more than some "metaphysical doubt" that genuine and material factual issues exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), *cert. denied,* 481 U.S. 1029 (1987). The nonmoving party must convince the court that, upon the record taken as a whole, a rational trier of fact could find for the nonmoving party. 477 U.S. at 248-49. Trial is unnecessary if "the facts are undisputed, or if disputed, the dispute is of no consequence to the dispositive question." *Mitchell v. Data General Corp.*, 12 F.3d 1310, 1315-16 (4th Cir. 1993).

The parties agree that the August 25, 2003 letter reflects their agreement with respect to the payment of commission. In return for Plaintiff's efforts as a sales representative,

Defendant agreed to pay Plaintiff a 5% commission on "net" cabinet and countertop sales within his established territories. Commissions would be earned **"when payment is made to Saco Industries, Inc. by the customer**." (Pleading No. 39, Newlin Decl., Attach. 1.) (emphasis added). Plaintiff served as a sales representative for Defendant between August 29, 2003 and October 11, 2005. Plaintiff earned commission during that time as provided in the contract. However, when Defendant terminated the contract on October 11, 2005, Defendant notified Plaintiff that it refused to pay commission on any amounts collected on Plaintiff's sales thereafter.

The parties argue diametrically opposed interpretations of the same contractual language. Plaintiff claims that he understood the language to mean that even if he left the company or was terminated, he would be paid commission for sales made during his representation, no matter when collected by Defendant. Defendant argues that Plaintiff was entitled only to the sums collected while he still was employed by or represented Defendant. The language contained in the August 25, 2003 letter is ambiguous, and neither party's interpretation is unreasonable as a matter of law.[1] There is a triable issue regarding the parties' intent with respect to whether Plaintiff would be entitled to commissions out of sums collected after his relationship with Defendant ended.

---

[1] Defendant argues that Plaintiff's interpretation of the contract is patently unreasonable, yet its own Vice President of Sales, Douglas Newlin, testified that whether a former sales representative would be entitled to commission from sums paid by customers after his termination would "depend[] on the situation and what's involved with each job." (Pleading No. 36, Pl.'s Br. in Supp. of Mot. for Summ. J., Dep. of Douglas S. Newlin ("Newlin Dep.") at 20-21.)

Plaintiff's claim under the Wage and Hour Act hinges on whether Plaintiff was an "employee" within the meaning of the Wage and Hour Act or an independent contractor. N.C. Gen. Stat. § 95-25.1, *et seq*. This determination involves consideration of a number of factors, including the parties' beliefs about their relationship, the economic realities of the relationship, and the extent of Defendant's control over Plaintiff. *Farlow v. Wachovia Bank of North Carolina*, N.A., 259 F.3d 309, 313-16 (4th Cir. 2001). Having reviewed the briefs and heard oral argument, the Court finds a genuine dispute of material fact that precludes summary judgment.

With regard to Plaintiff's alternative claim under the Sales Representative Act, an individual covered by the Act is entitled to "all commissions due under the contract within 30 days after the effective date of the termination and all commissions that become due after the effective date of termination within 15 days after they become due," unless the principal is able to show malfeasance on the part of the sales representative. N.C. Gen. Stat. § 66-191. Having reviewed the record and heard oral argument, the Court finds that a genuine dispute regarding whether and/or what commissions are "due" or "have become due" under the contract within the meaning of the Sales Represenative Act.

Plaintiff also seeks relief under the doctrine of *quantum meruit* and in the form of an accounting. Because Plaintiff has adequate remedies at law, the *quantum meruit* and accounting claims lack merit and summary judgment should be granted in favor of

-6-

Case 1:05-cv-01100-NCT-PTS   Document 62   Filed 12/15/06   Page 6 of 7

Defendant on these claims. *See*, *e.g., Elec-trol, Inc. v. C.J. Kern Contractors, Inc.*, 54 N.C. App. 626, 630-31 (1981) (an express contract precludes an implied contract [and *quantum meruit* recovery] with reference to the same subject matter); *Federal Deposit Insurance Corp. v. Kerr*, 650 F. Supp. 1356, 1366 (W.D.N.C. 1986) (where remedies at law are adequate, an accounting, grounded in equity, is not the appropriate remedy).

For the reasons announced in open court and set forth above, **IT IS RECOMMENDED** that Plaintiff's motion for summary judgment (Pleading No. 35) be denied. **IT IS FURTHER RECOMMENDED** that Defendant's motion for summary judgment (Pleading No. 38) be granted in part to dismiss Plaintiff's claims for *quantum meruit* and accounting. **IT IS FURTHER RECOMMENDED** that Defendant's motion to strike (Pleading No. 44) be denied.

                                                /s/ P. Trevor Sharp
                                             United States Magistrate Judge

Date: December 15, 2006